**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**Wheeling**

**TERRELL MASON,**

Petitioner,

v.    **CIVIL ACTION NO. 5:24-CV-158**
Judge Bailey

**MELISSA BAYLESS,**

Respondent.

**<u>REPORT AND RECOMMENDATION</u>**

**I.    INTRODUCTION**

On August 13, 2024, the *pro se* petitioner, Terrell Mason ("petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, [Doc. 1], along with the $5 filing fee.  Petitioner is a federal inmate who is housed at FPC Morgantown in Morgantown, West Virginia, and is challenging the Bureau of Prisons' ("BOP") calculation of time credits under the First Step Act.  On September 24, 2024, the respondent filed a Motion to Dismiss.  [Doc. 11].  On October 11, 2024, the petitioner filed a response, [Doc. 15], and on October 24, 2024, the respondent filed a reply, [Doc. 16].  This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.  For the reasons set forth below, the undersigned recommends that the Motion to Dismiss be granted and the petition be denied and dismissed without prejudice.

**II. BACKGROUND**

**A.    Conviction and Sentence**

On December 3, 2021, petitioner was found guilty of multiple violations of

supervised release conditions in the Eastern District of Michigan and was sentenced to

24 months imprisonment.  On December 2, 2022, petitioner was convicted in the Eastern

District of Michigan, pursuant to a plea agreement, to one count of wire fraud in violation

of 18 U.S.C. § 1343 and one count of aggravated identity theft in violation of 18 U.S.C.

§ 1028A(a)(1) and was sentenced to a total term of 57 months imprisonment, to be

followed by a total of two years of supervised release.[1]   As detailed in respondent's

memorandum in support of her motion to dismiss, at the time of sentencing, petitioner

was housed at FCI Milan in Milan, Michigan, but at that time was classified as being in

the custody of the United States Marshals Service.  On March 15, 2023, petitioner was

transferred to BOP custody at FPC Morgantown in Morgantown, West Virginia, his

"designated facility."   Under the BOP's current policy regarding eligibility to earn time

credits under the First Step Act ("FSA"), petitioner became eligible to begin earning

credits on March 15, 2023.

## B.    The Instant Petition for Habeas Corpus Under § 2241

In his petition, petitioner claims that the BOP is improperly denying him time credits

under the FSA by deeming him eligible on March 15, 2023, when he arrived at his

"designated facility," rather than when his sentence for violations of supervised release

commenced on December 3, 2021.  Plaintiff argues that the BOP's regulation in 28 C.F.R.

§ 523.42(a), which defines commencement of sentence as of the date he arrives or

surrenders at the "designated facility" for his sentence, contradicts the plain text of the

---

[1] Taken from petitioner's criminal dockets available on PACER.  *See USA v. Mason et al*, 2:11-CR-20425-RHC-LJM-1 (E.D. Mi. 2021) and *USA v. Mason*, 2:22-CR-20205-DPH-APP-1 (E.D. Mi. 2022), *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); *Colonial Penn. Ins. Co. v. Coil*, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

First Step Act at 18 U.S.C. § 3632(d).  That statute states that prisoners may not earn credits "prior to the date the prisoner's sentence commences under section 3585(a)." Section 3585(a), in turn, defines "commencement of sentence" more broadly to include "the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served."  Petitioner argues that although he has not exhausted administrative remedies, they should be waived in this case as futile.

On September 24, 2024, respondent filed a Motion to Dismiss, [Doc. 11].  In the memorandum in support, respondent argues that the petition should be dismissed because petitioner has failed to exhaust administrative remedies and that such remedies would not be futile.  The respondent further argues that petitioner was not eligible to begin earning credits until March 15, 2023, when he arrived at FPC Morgantown, his "designated facility." Respondent argues that, although for a portion of the prior period petitioner was in BOP facilities, he was ineligible to earn credits because he was not in BOP custody until reaching his designated facility.

### III.    LEGAL STANDARDS

**A.    Motion to Dismiss for Lack of Subject Matter Jurisdiction**

A party may move to dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  The burden of proving subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss is on the party asserting federal jurisdiction.  A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment.  ***Adams v. Bain***, 697 F.2d 1213, 1219 (4th Cir. 1982); ***Mims v. Kemp***, 516 F.2d 21 (4th Cir. 1975).  Because the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court

is free to weigh the evidence to determine the existence of its jurisdiction.  No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.  *See* **Materson v. Stokes**, 166 F.R.D. 368, 371 (E.D. Va. 1996).  Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.  *See* Fed. R. Civ. P. 12(h)(3).

**B.    Motion to Dismiss for Failure to State a Claim**

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is plausible on its face.' **Bell Atl. Corp. v. Twombly**, 550 U.S. 554, 570 (2007) (emphasis added)."  **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs.  **Edwards v. City of Goldsboro**, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice.  **Anheuser-Busch, Inc. v. Schmoke**, 63 F.3d 1305, 1312 (4th Cir. 1995).  In **Twombly**, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Id. at 555, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." **Id**. at 570.

This Court is well aware that "[m]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion."  **Williams v. Branker**, 462 F. App'x 348, 352 (4th Cir. 2012).  "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment."  **Witthohn v. Fed. Ins. Co.**, 164 F. App'x 395, 396 (4th Cir. 2006).  However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint.  **Id**. at 396–97.

**C.**    **Motion for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see* **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986).  A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248 (1986).  Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  **Anderson**, 477 U.S. at 250.

Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts*.*" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there

5

is indeed a genuine issue for trial.  Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 323–25; *Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249 (citations omitted).

Finally, this Court notes that *pro se* allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978).

## IV. ANALYSIS

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies.  42 U.S.C. § 1997e(a).  "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions.  Failure to exhaust may only be excused upon a showing of cause and prejudice."  *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (citing *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634-35 (2d Cir.2001), *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir.1981)). Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures.  *Booth v. Churner*, 532 U.S. 731, 741 (2001). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted prior to filing a complaint in federal court.  *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (citing *Booth*, 532 U.S. at 741).  "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  *Porter*, 534 U.S. at 524.

Pursuant to *McClung*, failure to exhaust may only be excused upon a showing of cause and prejudice.  As recognized in *Carmona*, *supra*, which was cited by the Fourth Circuit in its opinion in *McClung*:

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.
>
> Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies.  When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

*Carmona*, 243 F.3d at 634 (internal citations omitted).

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8).   *See* 28 C.F.R. § 542.10, *et seq*. If the prisoner achieves no satisfaction informally, he must file a written complaint to the warden (BP-9), within 20 calendar days of the date of the occurrence on which the complaint is based.  If an inmate is not satisfied with the warden's response, he may appeal to the regional director of the BOP (BP-10) within 20 days of the warden's response.  Finally, if the prisoner has received no satisfaction, he may appeal to the Office of General Counsel (BP-11) within 30 days of the date the Regional Director signed the response.  An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels.  28 C.F.R.§ 542.10-542.15; *Gibbs v. Bureau of Prison Office, FCI*, 986 F.Supp. 941, 943 (D.Md. 1997).

Here, it is undisputed that petitioner did not fully exhaust administrative remedies prior to filing his petition.  Instead, petitioner asserts that exhaustion should be waived in this case because exhaustion would be futile.  This Court has recognized that as a general rule, courts will deny judicial relief until administrative remedies have been exhausted

and, further, that exhaustion will not be considered futile "unless the agency is certain to rule adversely" toward the petitioner. ***Reeder v. Phillips***, No. 1:07-CV-138, 2008 WL 2434003 (N.D. W. Va., June 12, 2008) at *3 (internal citations omitted).  One of the purposes of requiring exhaustion is to allow the agency to have an opportunity to correct any errors, and the undersigned finds that the fact that petitioner's challenge directly challenges a BOP policy should not automatically circumvent the exhaustion requirement. Because petitioner did not exhaust his remedies, this case should be dismissed to allow petitioner the opportunity to pursue those remedies and provide the agency to correct any error.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Motion to Dismiss or, in the Alternative, for Summary Judgment [**Doc. 11**] be **GRANTED** and the petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

The parties shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); ***Thomas v. Arn***, 474 U.S. 140 (1985);

*Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**:  November 20, 2024.

*/s, James P. Mazzone*

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE

9