IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**TERRELL MASON,**

        Petitioner,

v.                                       **CIVIL ACTION NO. 5:24-CV-158**
                                                Judge Bailey

**MELISSA BAYLESS,**

        Respondent.

**ORDER**

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 17]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on November 20, 2024, wherein he recommends that the Motion to Dismiss or, in the Alternative, for Summary Judgment [Doc. 11] be granted and the Petition [Doc. 1] be denied and dismissed without prejudice. For the reasons that follow, this Court will adopt the R&R.

**I. BACKGROUND[1] & STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.

---

[1]This Court fully adopts and incorporates herein the "Background" section of the R&R. *See* [Doc. 22 at 1–3].

1

However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his objections to the R&R on December 2, 2024. *See* [Doc. 19]. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## II. DISCUSSION

In his Objections, petitioner "argues a third time now" that it is appropriate to waive exhaustion and that he did not "automatically circumvent" the exhaustion requirement. [Doc. 19 at 1]. Petitioner states that the R&R did not address the merits of his arguments because the R&R recommends dismissal for petitioner's failure to exhaust. [Id.]. Petitioner argues that exhaustion should be considered futile because "the BOP is certain to rule adversely" against petitioner. [Id.].

Moreover, petitioner cites numerous cases arguing that similar cases challenging the identical regulation agree with petitioner. [Id. at 2–3 (citing ***Huihui v. Derr***, 2023 WL 4086073 (D. Haw. June 20, 2023); ***Patel v. Barron***, 2023 WL 6319416 (W.D. Wash. Sept. 5, 2023); ***O'Hara v. Bayless***, 2024 WL 4315013 (N.D. W.Va. Sept. 13, 2024) (Trumble, M.J.); ***Sharma v. Peters***, 2024 WL 4668135 (M.D. Ala. Nov. 4, 2024)].

In the interest of brevity, this Court will not replicate the R&R's analysis of the exhaustion requirements, but will fully adopt and incorporate the reasoning presented in the R&R. *See* [Doc. 17 at 6–7].

This Court agrees with Magistrate Judge Mazzone that it is undisputed that petitioner did not fully exhaust his administrative remedies. In his Objections, petitioner does not argue this fact, present any evidence to the contrary, and also notes that he is arguing for the "third time now" that exhaustion should be waived. [Doc. 19 at 1]. This Court has recognized that as a general rule, courts will deny judicial relief until administrative remedies have been exhausted and, further, that exhaustion will not be considered futile "unless the agency is certain to rule adversely" toward the petitioner.

***Reeder v. Phillips***, 2008 WL 2434003, at *3 (N.D. W.Va. June 12, 2008) (Keeley, J.) (internal citations omitted).

In his Objections, petitioner asserts that "the BOP is certain to rule adversely." [Doc. 19 at 1]. However, this Court will not accept petitioner's statement as determinative of what the BOP would or would not do. In essence, petitioner is seeking to bypass the exhaustion requirement and essentially skip the line. This Court declines to establish such a precedent. Petitioner directly challenges a BOP policy and one of the purposes of requiring exhaustion is to allow the BOP to have an opportunity to correct any errors.

### III. CONCLUSION

Aside from the arguments addressed herein, a *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's Report and Recommendation [**Doc. 17**] is hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Petitioner's Objections [**Doc. 19**] are **OVERRULED**. Respondent's Motion to Dismiss or, in the Alternative, for Summary Judgment [**Doc. 11**] is **GRANTED** and the Petition [**Doc. 1**] is **DENIED and DISMISSED WITHOUT PREJUDICE**.

This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: December 3, 2024.

                                            **JOHN PRESTON BAILEY**
                                            **UNITED STATES DISTRICT JUDGE**